IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ARMANDO CARDON CORTEZ,**
        **Plaintiff,**

v.                                                                CIVIL ACTION NO. 3:19-CV-77
                                                                              (GROH)

**CANAAN USP, Warden,**
**HAZELTON USP, Warden,**
**GILMER FCI, Warden,**
        **Defendants.**

## AMENDED REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On May 17, 2019, the *pro se* Plaintiff, an inmate[1] at Gilmer FCI, in Glenville, West Virginia, filed the above-styled action petition pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983, and authorized suits against federal employees in their individual capacities.  ECF No. 1.[2]

---

[1] Plaintiff was charged in the Northern District of Florida, case number 3:07-CR-135 in a superseding indictment on December 11, 2007.  N.D.Fl. 3:07-CR-135, ECF No. 25.  On February 15, 2008, Plaintiff was convicted of Counts 1 through 7, which charged various controlled substance distribution and firearms offenses.  N.D.Fl. 3:07-CR-135, ECF No. 82.  Plaintiff was sentenced to: a term of 235 months as to Counts 1, 2 and 4, to be served concurrently with one another; a term of 120 months as to Counts 6 and 7, both of which were to run concurrently with one another and with the sentences imposed for Counts 1, 2 and 4; a term of 60 months as to Count 3, which to be served consecutively to the sentences imposed on Counts 1, 2, 4, 6 and 7; and a term of 300 months as to Count 5 to run consecutively to all other Counts, for a total sentence of 595 months.  N.D.Fl. 3:07-CR-135, ECF No. 125 at 3.  On October 11, 2011, the United States Court of Appeals for the Eleventh Circuit confirmed that the United States Supreme Court had denied certiorari.  N.D.Fl. 3:07-CR-135, ECF No. 216.  According to the Bureau of Prisons' inmate locator website, Plaintiff is scheduled to be released on December 4, 2047.

[2] All ECF number cited herein are in 3:19-CV-77, unless otherwise noted.

## II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff asserts two claims for relief: (1) that Defendants implanted technology in his head in violation of his Fourth Amendment rights; and (2) that Defendants violated Plaintiff's rights against cruel and unusual punishment by implanting technology which "attack[s] [him] 24 hours [a] day" in.  ECF No. 1 at 7 – 9.  Plaintiff further claims that Defendants implanted technology in his eyes and threw away two of his teeth which contained the implanted technology.  Id. at 9.  Plaintiff seeks "compensatory money", an order "to take me the technology" and his freedom.  Id.  In his request for relief Plaintiff refers to his memorandum of law, however, none was filed with the Court.  Id.

## III.  LEGAL STANDARD

Because plaintiff is a prisoner seeking redress from the Government, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

### A.     Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

## B. Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[4] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

### IV. Analysis

A review of the complaint conducted pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff does not make a plausible claim in his complaint based on any cognizable legal authority and fails to present a claim upon which relief can be granted.

#### A. Improperly Named Defendants

A Bivens cause of action cannot be brought against an individual actor who is not a federal employee or agent, and specific allegations must be brought against each named actor. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838F.2d 663, 666 (3rd

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

Cir. 1988) ("section 1983 claims [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'"). Nor may a Bivens action be brought against a federal agency. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Moreover, "[i]n a *Bivens* suit, there is no *respondeat superior* liability. Instead, liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (2001) (internal citation omitted). In Trulock, although plaintiffs sued, among other defendants, the former director of the FBI and two FBI supervisors, the Court found that were there was "no allegation that any of these [ ] individuals were personally complicit. . . [and] [a]ccordingly, th[o]se defendants [ ] enjoy immunity." Id.

Plaintiff has named the wardens of Canaan USP, Hazelton USP and Gilmer FCI as defendants herein. Plaintiff asserts that all three wardens are "the authority on all the prison". ECF No. 1 at 2 – 3. Further, as to the warden of Gilmer FCI, Plaintiff claims that he is "under his technology". Id. at 3. Under the clear holding of Trulock, there is no doctrine of *respondeat superior* in Bivens actions, and thus, supervisory defendants may not be held liable for the actions of their subordinates. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against the Defendants.

  B.  **Plaintiff's Grounds For Relief**

In his grounds for relief Plaintiff asserts that he has had unspecified "technology" implanted in his head and eyes that attacks him 24 hours a day and "causes [him] an injury". ECF No. 1 at 7 – 8. Plaintiff's claim that Federal officials implanted technology in his head and eyes is fantastical. Plaintiff presents no facts or legal authority to even arguably support his claim. It appears beyond doubt that Plaintiff's claims are frivolous and that there are no set of facts in support of his claim which would entitle him to relief.

5

This court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**, based on Plaintiff's failure to state a claim upon which relief can be granted.  It is further **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his

last known address as reflected on the docket sheet and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 29, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE